DOTTIN, PLAINTIFF AND APPELLANT, *v.* RIGO & CO., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages.

No. 1203.—Decided April 29, 1915.

CIVIL RIGHTS—CONSTITUTIONAL. LAW.—The Fourteenth Amendment to the Constitution of the United States creates no new privileges or immunities of citizens, no new right of life, liberty, or property, no new process of law. It only guarantees rights pre-existing, or those which law, national or state, may after its date confer.

ID.—ID.—The Fourteenth Amendment does not affect the rights of citizens as among themselves, but is exclusively applicable to state action.

ID.—RESTAURANT—OWNERSHIP.—The owners of a café-restaurant have the right to regulate its management in the manner they deem most suitable and beneficial to their interests without further limitations than those established by law, for that right is given them by section 354 of the Civil Code defining ownership.

ID.—COLORED PERSONS.—Neither the Act defining the rights of the people, approved February 27, 1902, nor the Revised Civil Code, contains any abridgment, limitation, or restriction of the right of the owner of a café-restaurant to admit or refuse to admit therein persons of the colored race.

ID.—JUDICIAL POWER—LEGISLATIVE POWER.—The judiciary cannot supply the action of the legislative power by imposing conditions upon which the Legislature has not seen fit to legislate.

ID.—OBLIGATIONS—FAULT OR NEGLIGENCE—INDEMNITY.—Obligations arising from fault or negligence are based upon an unquestionable principle of justice, according to which all injuries, damages, or impairment of the rights of a person, whether by act or omission, create a legal relation from which arises a right on the part of the person injured to be indemnified and the corresponding liability on the part of the wrongdoer; and as neither the Civil Code nor any other law in force in Porto Rico recognizes the right of a colored person to go into a café-restaurant and be served, no right has been impaired, and therefore there is no ground upon which to base the responsibility arising from fault or negligence referred to in section 1803 of the Civil Code.

ID.—NATURAL RIGHTS.—The right to life, liberty, or property is natural, inherent, and fundamental, not requiring investiture by statute.

ID.—EQUALITY OF RACES.—The right of equality of races generally depends upon the ruling social conditions and the will of the citizens, and until that right is imperatively declared by law there is complete liberty of action, both in social and business relations.

The facts are stated in the opinion.

The appellant appeared *pro se.*

*Messrs. Bosch & Soto* for the respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On July 16, 1914, Eduardo H. F. Dottin filed a complaint against Rigo & Co. in the District Court of San Juan, Section 1, in an action for damages, alleging the following:

*a*) That the plaintiff is an attorney-at-law and notary public and the defendants are a limited copartnership, both domiciled in the city of San Juan, with capacity to sue and be sued.

*b*) That the defendant is the owner of a café-restaurant and confectionary called "La Mallorquina," which is a public establishment situated on San Justo Street of this city and engaged in furnishing food and refreshments to the public under a license issued by the Treasurer of Porto Rico.

*c*) That on June 23, 1914, guided by the sign displayed by the said establishment and following his custom of frequenting the place and being served there, the plaintiff, accompanied by a white man, entered the place and ordered refreshments for himself and his companion.

*d*) That the employees of the establishment refused to fill the plaintiff's order, stating that they did not serve colored persons there.

*e*) That the plaintiff and his companion were obliged to withdraw without being served and by the defendant's refusal were deprived of their right to the service requested merely because of an unjust and unlawful prejudice against the color of the plaintiff, who has suffered damages thereby which he estimates in the sum of $6,000.

The complaint concludes with the prayer that after due process of law judgment be entered for the plaintiff and against the defendants for the said amount of $6,000 as damages, together with the costs, expenses and disbursements arising in the suit.

The defendant demurred to the said complaint on the ground that it did not state facts sufficient to constitute a cause of action and the court, by its judgment of August 31,

1914, sustained the demurrer and dismissed the complaint without special imposition of costs.

From that judgment the plaintiff appealed to this court and both parties having presented such written and oral arguments as they deemed conducive to the support of their respective contentions, the case has been submitted to us for consideration.

As grounds of appeal the appellant relies upon the prohibition contained in the Fourteenth Amendment to the Constitution of the United States, the improper application by the lower court of section 354 of the Revised Civil Code and the failure to apply section 1803 of the said code.

Section 1 of the Fourteenth Amendment to the Constitution of the United States, which is that which is considered pertinent to the case, reads as follows:

"Section 1.—All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

That amendment is not applicable to the present case, for it neither creates nor confers such a right as that under consideration, as a simple perusal of it shows.

In his work, "The Fourteenth Amendment," (page 15) Brannon expresses himself in the following terms:

"It is plain from its language that it is only a *restraint* on state power, except that feature relating to citizenship. It *creates* and *originates* nothing new, except power in the Federal Government to restrain state action. It *creates* no new privileges or immunities of citizens, no new right of life, liberty or property, no new process of law. It only *guarantees rights pre-existing,* (italics ours) or those which law, national or state, may after its date confer."

On page 397 he goes on to say:

"But the Fourteenth Amendment originates, grants nothing; it only protects existing rights coming from the state, *held under state law,* from impairment without due process of law."

That the Fourteenth Amendment does not affect the rights of citizens as among themselves, but is applicable exclusively to state action, is held by the Supreme Court of the United States in the cases of *Virginia* v. *Rives,* 100 U. S., 313, and *United States* v. *Harris,* 106 U. S., 629.

Therefore, it will be seen that the right which the plaintiff considers violated cannot be derived from the Fourteenth Amendment to the Constitution of the United States.

The local Act, "To define rights of the people," approved February 27, 1902, contains no provision respecting the right invoked by the appellant, nor is such right recognized by the Revised Civil Code.

Section 354 of the said code defines ownership in the following language:

"Section 354.—Ownership is the right by which a thing belongs to some one in particular, to the exclusion of all other persons.

"Ownership confers the right to enjoy and dispose of things without further limitations than those established by law  *  *  *."

As alleged in the complaint, the defendants are the owners of the establishment called "La Mallorquina," therefore as such owners they had a right to regulate its management in the manner they deemed most suitable and beneficial to their interests without further limitations than those established by law, and, consequently, they could admit or refuse to admit therein persons of the color of the plaintiff, inasmuch as there is no law in force abridging that power.

We do not and cannot deny that, in view of the character of the defendant's establishment, the Legislative Assembly of Porto Rico has a right to intervene and enact regulations for it, but until this is done the right of ownership vesting in the defendant, as defined by the Civil Code, is not subject to qualification or limitation in favor of the plaintiff. The

judiciary cannot supply the action of the legislative power and impose conditions upon the defendants which the Legislature, by not legislating upon the matter, has not seen fit to impose.

We cannot recognize in the plaintiff a right which is in conflict with the clear right of ownership which the defendants possess.

But the appellant maintains that this is not a case of a right of ownership, but of an obligation which the defendants were under and failed to comply with in refusing to serve him in the establishment, therefore becoming liable under the provisions of section 1803 of the Civil Code which prescribes that a person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done.

Section 1803, cited by the appellant, is included in Title XVI of Book Fourth of the Civil Code, under the heading, "Obligations Contracted Without Agreement," and should be considered in relation to section 1056 of the same code, which provides that obligations are created by law, by contracts, by quasi-contracts, and by illicit acts and omissions, or by those in which any kind of fault or negligence occurs.

In so far as regards obligations arising from fault or negligence, the distinguished commentator Manresa describes their fundamental principles in the following language in commenting upon article 1902 of the Spanish Civil Code, which is similar to section 1803 of our Revised Civil Code:

"Said obligations are based upon an unquestionable principle of justice recognized by all legislation and sanctioned by the first article of this chapter, according to which all injuries, damages, or impairment of the rights of a person, whether by act or omission, create a legal relation from which arises a right on the part of the person injured to be indemnified and the corresponding liability on the part of the wrongdoer." 12 Manresa's Commentaries on the Civil Code, 595.

The act or omission to which section 1803 refers must im-

pair a right, and the right of the plaintiff to go into the Mallor-
quina Café and be served is not recognized by the Civil Code
or by any other law in force in Porto Rico.

This is not a case involving a right to life, liberty, or
property, which are inherent and fundamental rights not
requiring investiture by statute, but is a question of a right
of equality of races which generally depends upon the rul-
ing social conditions and the exclusive will of the citizens
when that right is not imperatively declared by law. Until
such law is enacted, complete liberty of action, both in social
and business relations, must be recognized, and for the same
reason that one person cannot be forced to have dealings
with another against his will, the defendants cannot be com-
pelled to serve the plaintiff in a restaurant under their con-
trol and management and operated for the purpose of obtain-
ing the greatest possible profit and benefit.

There is no law in Porto Rico which confers upon the
plaintiff the right which he claims and it must be remembered
that, pursuant to section 1057 of the code, obligations aris-
ing from law cannot be presumed. Nor is there any con-
tractual or quasi-contractual relation between the plaintiff
and the defendants from which the damages for which the
plaintiff sues could arise. The act alleged as the origin of
the damages is not punishable, for it is not included in the
Penal Code, therefore no civil responsibility arises on that
ground. The fault or negligence pleaded by the appellant as
a ground for his right does not determine, as we have already
stated, the liability claimed by the plaintiff in the case at bar.

In a number of states there are "civil rights acts," or
statutes for the protection of all citizens in their civil and
legal rights, their principal object being to confer upon all
persons within the jurisdiction of the state, regardless of
color or race, the right of the full and equal enjoyment of all
the accommodations, advantages, facilities and privileges of
inns, restaurants, eating-houses, barber shops, public con-
veyances on land or water, theaters and all other places of

public accommodation and amusement, subject only to the conditions and limitations established by laws and applicable alike to all citizens, giving them a right of action for the violation of any of the provisions of such statutes by denying to a citizen, except for reasons applicable alike to all citizens of every race or color, the full enjoyment of any of the accommodations enumerated, or for inciting such denial. 7 Cyc., 165–66.

As was well said by the judge in his opinion, when state legislatures have enacted these statutes clearly expressing their will, it is because they thought it necessary to do so in order to secure to all persons within their jurisdiction, regardless of class, the full possession and enjoyment of the rights conferred thereunder; and this shows that in the absence of a statute expressing the intent of the Legislature to create and grant the right, such right does not exist in law.

And we cannot invoke section 7 of the Civil Code, as contended by the appellant, for the purpose of supplying a law which does not exist, for by so doing we should encroach upon the powers of the legislative authority by exacting liabilities which that power does not define or prescribe for the violation of rights which it does not recognize.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.